Alvin Hawkins, J.,
delivered the opinion of the Court.
It appears from this record, that, at the January Term, 1866, Hix, the plaintiff in error, entered a motion in the Circuit Court of Coffee County, against Cornelison and his sureties, as constable for said county, for failing to return within thirty days, and for making a false and insufficient return, of an execution issued and placed in his hands by E. A. Rutherford, Esq., a justice of the peace for said county, on the 3d day of February, 1862, on a judgment against Vm. H. Phillips and others, in favor of Hix, rendered by said Rutherford, and for the sum of $247.57.
"Which motion was continued until next term.
■ No other steps seem to have been taken in the cause until the January Term, 1867, when the parties appeared by their attorneys, and a trial was had.
*301 The plaintiff proved that, on the 29th of January, 1862, he secured a judgment before Rutherford, a justice of the peace for said county, against ¥m. H. Phillips and B. Logan, for $247.57; that, on the 3d day of February, 1862, an execution was issued on said judgment and placed in the hands of Cornelison, who, on the 6th day of March, 1862, returned the same indorsed “not satisfied.”
The plaintiff also read a copy of the official bond of the defendant, Cornelison, dated April 2d, 1860, conditioned for the performance of the duties of constable, etc.
There appearing to be a variance between the description of the judgment, upon which the execution was alleged to have been issued, as stated in the motion, and as shown by the proof, the plaintiff moved the Court for leave to amend the motion by striking out after the name of Wm. H. Phillips, the words “and others,” and inserting in lieu thereof, the name of “B. Logan,” which was refused by the Court; and thereupon the Court dismissed the motion, and pronounced judgment against the plaintiff for the costs ; from which the plaintiff has appealed in error to this Court.
If the variance between the motions and the proof had been material, it was error to refuse the amendment asked for.
But the variance was not a material one. The judgment referred to in the motion, though not against Phillips “and others,” was, in fact, against Phillips and another; and was, in every other respect, particularly and correctly described in the motion, and with such *302 substantial minuteness, that there is no room for an apprehension that the defendant has been misled.
The motion is in the nature of a pleading; and súbstantial certainty is all that is required.
The bill of exceptions does not show that it contains all the evidence in the case; but it is recited in the judgment of the Court, “upon consideration of the facts stated in the bill of exceptions in this case, it is considered and adjudged by the Court that this cause be dismissed.”
This, as we understand it, is equivalent to a statement in the bill of exceptions, that it contains all the evidence.
All the facts necessary to entitle the plaintiff to a judgment upon his motion, were proven in the Court below.
The judgment of the Circuit Court, in dismissieg the motion, is erroneous, and will be reversed; and proceeding to render such judgment as the Circuit Court ought to have rendered, a judgment in favor of the plaintiff will be rendered here.